DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 3:02 CR 798 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| Fernando Gonzalez, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

### I. Introduction

The defendant was convicted as a result of a jury trial of possession of cocaine with intent to distribute following a jury trial. The Sentencing Guideline calculation called for a sentence in a range of 262 to 327 months. The defendant was sentenced to a term of 262 months and he appealed. The Sixth Circuit affirmed the conviction, but remanded for re-sentencing in light of the decisions in *Booker* and *Fanfare*. The Court conducted a sentencing hearing on May 12, 2005 and sentenced the defendant to a term of 210 months. The Court's analysis follows.

### II. The Government's Position

The government did not file a sentencing memorandum, but presented the oral argument that the initial sentence, at the low end of then mandatory guideline calculation of 262 to 327 months based on an Offense Level 34 and a Criminal History of VI, was presumptively reasonable and urged the Court to re-sentence the defendant to a term of 262 months.

### III. The Defendant's Position

(3:02 CR 798)

Counsel for the defendant filed a sentencing memorandum (Docket #82) and argued for a sentence in the range of 53 to 78 months. The argument was predicated on the proposition that the Court should ignore the fact that the defendant was a career offender and sentence at the range that would be established based on the quantity of powder cocaine involved in the crime for which the defendant was convicted. The argument claimed that the offense level would have been 20 and the Criminal History a V calling for a range of 53 to 78 months. Actually the range under such a determination would be 63 to 78 months.

### IV. The Court's Analysis

The Court finds that the Offense Level remains a 34 and the Criminal History remains VI and the advisory guideline range remains 262 to 327 months.

The Court then turned to the factors to be considered in determining the sentence as mandated by 18 U.S.C. Section 3553 (a).

The Court finds that the offense involved powder cocaine and an amount consistent with a street dealer as opposed to a major trafficker in cocaine. The Court also finds that the defendant is a serial offender with respect to cocaine transactions and has not demonstrated any interest in rehabilitation, notwithstanding prior convictions for drug offenses.

The Court finds that a lengthy sentence is necessary to promote respect for the law and to provide just punishment for the offense, even though a large amount of powder cocaine was not involved. As a consequence, the Court finds that a sentence of 210 months does provide just punishment, affords adequate deterrence to criminal conduct and serves to protect the public from

(3:02 CR 798)

further crimes of the defendant who will be nearing the age of 45 by the time of his release from the sentence of 210 months which constitutes a sentence of 17 years and six months. The Court also finds that the lengthy sentence will provide opportunity for the defendant to obtain needed education and vocational training.

      The Clerk is directed to attach a copy of this memorandum opinion to the Sentencing Entry.

      IT IS SO ORDERED.


 May 18, 2005                                     */s/ David D. Dowd, Jr.*
Date                                                     David D. Dowd, Jr.
                                                                U.S. District Judge